[No. 25434.   Department One.   March 19, 1935.]

PATRICK A. BOYCE, *Appellant,* v. FRYE LETTUCE FARM, INC., *et al., Respondents.*[1]

*Wright & Wright (Felix Rea,* of counsel), for appellant.

*Eggerman & Rosling* and *W. S. Greathouse,* for respondents.

TOLMAN, J.—Appellant, as plaintiff, brought this action to enjoin the damming up and obstructing of a certain drainage ditch whereby the water level was raised, the flow of the ditch obstructed, and the water caused to rise, back up and saturate and overflow lands owned by him adjacent to the ditch and above the dams installed by the defendants.

The cause was tried on the merits, resulting in a decree which, among other things, adjudicated that

[1]Reported in 42 P. (2d) 444.

the dams complained of constituted a nuisance, but that no monetary damage had been caused thereby.

The decree provides:

"It is further ORDERED, ADJUDGED AND DECREED that the defendants shall not place any dams in said drainage ditch any time before the 15th day of May in each year; that after the 15th day of May the defendants may put dams in said drainage ditch so that the dams do not raise the water to a higher level than twenty inches below the surface of the plaintiff's land, and at no time at a level that will cause said water to back up into the laterals of the plaintiff as now constructed; . . ."

The plaintiff has appealed, and assigns as error those portions of the decree which permit any damming of the drainage ditch at any time, and also the denial of recovery for damages which he claims to have already suffered.

Respondents have moved to dismiss the appeal as being premature.

It appears from the transcript of the record brought to this court that the following minute entries were made:

"Monday Sept. 10 1934
Court opened at 9:30 a. m.   Guy C. Alston, Judge
The following proceedings were had to-wit:

"32716 Patrick Boyce vs. Frye Lettuce Farm and Chas. H. Frye

.        .        .        .        .        .

"This cause came on regularly for trial this day.
Proposed judgment presented by plaintiff and refused by court.
Proposed judgment presented by defendant.
Court enters judgment for plaintiff.
Motion for new trial submitted by plaintiff and denied.
Plaintiff gave notice of appeal to Supreme Court in open court.
Minute Book Entry,
Vol. 53, page 300."

The transcript shows the decree referred to in these minutes as entered at the time mentioned, but shows no written order denying the motion for a new trial as having been entered at any time.

Respondents seem to contend that the making of a motion for a new trial after the entry of the decree suspended that decree (and therefore suspended the right of appeal) until a written order denying the motion was entered. We cannot follow the reasoning advanced in support of respondents' position. From the record before us, it appears that the court proceeded in an orderly way, having, as parts of one hearing, entered the judgment and denied the motion for a new trial. A notice of appeal given in open court while all the parties were still present would seem proper and sufficient. Any other ruling would seem highly technical, and more calculated to defeat justice than to promote it.

The motion to dismiss the appeal is denied.

■ It appears that the drainage ditch here involved is the, or one of the, main ditches constructed and maintained by a regularly organized drainage district, and that its depth and fall are such as were originally fixed as being necessary to drain the lands sought to be benefited by the improvement. That being admittedly true, it would seem that no individual would have any right, under any circumstances, to interfere with the ditch so as to prevent its performing the full duty for which it was constructed.

Since the land owners were assessed to construct the ditch and also to maintain it, each is entitled to have it serve his land to the full extent of the original plan. In fact, by statute, Rem. Rev. Stat., § 4459 [P. C. § 1945-100], interference with the operation of any such ditch is made a misdemeanor. This right of the land owner to the full service contemplated by the

original construction has been upheld by this court in no uncertain terms. *Ottomeier v. Spokane County,* 134 Wash. 121, 234 Pac. 1036.

The oral consent by one or more of the supervisors of the drainage district, given without a hearing and without notice to the land owners who may be affected thereby, cannot change the rule. Nor can such consent deprive the land owner of his vested rights.

■ Respondents seem to rely somewhat upon Rem. Rev. Stat., §§ 4455, 4457, and 4458.

Section 4455 [P. C. § 1945-106], among other things, provides:

"The use of any waters developed by the drainage system of any drainage improvement district shall be subject to the control of the drainage improvement district and such district shall have the right to dispose of and contract for the use of such waters for irrigation or other uses, as hereinafter provided."

Section 4457 [P. C. § 1945-108], provides that any person desiring to acquire such waters may make application in writing to the board of supervisors of the district therefor under certain conditions; and § 4458 [P. C. § 1945-109], provides that, when such an application is filed, the board shall cause notice fixing the time and place of hearing to be published, and that such application shall be heard and considered only after such notice is given; etc.

If § 4458 gives any right to obstruct a drainage ditch in order to produce water for sale, which is extremely doubtful, still it is apparent that respondents, having in no wise complied with these statutory provisions, can now base no rights thereon.

We have examined with care the evidence relating to damages suffered by the appellant; and after due consideration, we are constrained to hold that the evidence does not preponderate against the finding of the

trial court to the effect that no recoverable monetary damage was suffered by the appellant.

It seems apparent that it was error to do other than to enjoin the damming of the ditch at any time, to any degree, or at all; and the judgment must be reversed, with directions to enter a mandatory decree requiring the removal of all obstructions and enjoining the interference in any manner with the flow of the ditch as originally constructed, but without the assessment of damages for what has heretofore occurred.

Appellant will recover his costs on this appeal.

MILLARD, C. J., BEALS, MAIN, and GERAGHTY, JJ., concur.